UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,                REPORT AND RECOMMENDATION

v.                                  19-MJ-568-MJP

HASHIM J. MCCULLOUGH,

        Defendant.

_____

### Factual Background

By criminal complaint dated March 15, 2019, Hashim J. McCullough ("Defendant") was charged with violations of 18 U.S.C. §§ 2251(a), 2422(b) and 1470. (ECF No. 1.) The complaint alleges, in sum and substance, that beginning in March 2019, Defendant attempted to entice a minor to provide him with sexually explicit images and arrived at a pre-arranged meeting spot for the purpose of engaging in sexual activity with a minor. (ECF No. 1.)

On March 21, 2019, defense counsel requested a competency hearing for Defendant pursuant to 18 U.S.C. § 4241(b). Finding reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him unable to understand the nature and consequence of the proceedings against him and to assist properly in his defense, the Court ordered that Defendant undergo a psychiatric examination pursuant to 18 U.S.C. § 4241(a) with the results of such examination to be reported to the Court and counsel. (ECF No. 5.)

Prior to the competency hearing, the Court received a report reflecting the results of Defendant's psychiatric examination, which opined that defendant was currently competent

1

to stand trial. At the court conference held on December 3, 2019, Defendant stated that he might seek a second opinion regarding the competency issue but Defendant has not alerted the Court that he intends to do this. Further, it appears that Defendant has no such intentions given that he had a scheduled date for a plea hearing before the Honorable Elizabeth A. Wolford.[1] As such, neither the defense nor the government contested the report or the opinions contained therein.  Upon careful review of the thorough report, this Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect that would render him mentally incompetent to the extent that he would be unable to understand the nature and consequences of the proceedings against him or render him unable to assist properly in his defense. *See* l8 U.S.C. § 4241(d). In sum, it is the recommendation of this Court that Defendant be determined competent to stand trial.[2]

---

[1] The plea hearing scheduled for February 19, 2020, had to be rescheduled as no determination regarding Defendant's competency had yet been made.

[2] The instant competency determination is being made before indictment and hence prior to the issuance of a referral order pursuant to 28 U.S.C. § 636. Although neither the government nor defense counsel questioned this Court's authority to determine competency to stand trial, my own research indicated that the authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit.  At least one court has held that implicit in Rules 5 and 5.1 of the Federal Rules of Criminal Procedure is the authority of a magistrate judge to issue pre-indictment decisions on questions of competency of a criminal defendant. "Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of the statute." *United States v. Hemmings*, No. 91-313M DAR, 1991 WL 79586, at *4–6 (D.D.C. May 2, 1991); but see *United States v. Weissberger*, 951 F.2d 392, 398 (D.C. Cir. 1991)(Magistrate Judge without authority to order competency examination without a referral order from a district judge); *United States v. Ecker*, 923 F.2d 7, 9 (1st Cir. 1991)(commitment order under 18 U.S.C. § 4241 must be reviewed by district judge in order for it to be final order appealable to the court of appeals).  In light of the lack of guidance from the Second Circuit and in an abundance of caution, this Court's findings are set forth in a Report and Recommendation and not a Decision and Order.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.*** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated: Rochester, New York
February 21, 2020

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).